**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MUSTAFA N. ALJAZAIRI,

Plaintiff,

v. Case No. 1:24-cv-01537-CMH-LRV

COLONEL PETER A. MELETIS, *et al*.,

Defendants.

**DEFENDANT MELETIS AND THE ADC'S MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SANCTIONS AND RESPONSE TO PLAINTIFF'S COUNSEL'S CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

Defendant Colonel Peter A. Meletis, in his official capacity as Superintendent of the Prince William-Manassas Regional Adult Detention Center ("Superintendent Meletis"), and the Prince William-Manassas Regional Adult Detention Center (the "ADC") (collectively, "Defendants"), by counsel, and pursuant to 28 U.SC. § 1927, Fed. R. Civ. P. 41 (b) and the Court's inherent powers, submit this memorandum in support of their Renewed Motion for Sanctions against Plaintiff Mustafa N. Aljazairi ("Plaintiff") and his counsel, Elaine Jarvis, Esq. of Jarvis Law PLLC and in response to Plaintiff's Counsel's Motion to Withdraw and Memorandum in Support of that Motion (ECF Nos. 92 and 93).

## INTRODUCTION

On October 23, 2024, Defendants filed a Motion for Sanctions and Supporting Memorandum (**ECF Nos. 60 and 61**) ("Motion for Sanctions") against Plaintiff and his counsel for counsel's violation of Local Rule 5 (c) of the Rules of this Court and this Court's Order of October 21, 2024, which granted Defendants' motion to file certain material under seal (**ECF Nos. 52, 53**). Defendants hereby incorporate by reference the Motion for Sanctions. On October 30,

2024, Plaintiff's counsel filed an Opposition to the Motion for Sanctions (**ECF Nos. 70 and 71**), at no time disclosing that one of the family members making repeated disclosures of the sealed material, in addition to counsel's disclosures, was an employee of her firm, the Jarvis Law Firm. She failed to disclose that information to Judge Hilton at the hearing on November 1, 2024. Judge Hilton took the Motion for Sanctions under advisement to be heard at a later point in this case. (**ECF No. 79**.) After the November 1, 2024, hearing, counsel for Plaintiff filed a Motion (**ECF No. 92**) and Memorandum in Support of a Motion to Withdraw (**ECF No. 93**) ("Motion to Withdraw") citing irreconcilable differences, professional considerations, and situations "which make continued representation untenable and unworkable, and to continue in representation would place Counsel in a potential ethical dilemma." As it turns out, those situations were of counsel's own making.

Defendants, together with other defendants in this case, filed a Response to the Motion to Withdraw on November 12, 2024, stating they took no position on the Motion to Withdraw. On November 13, 2024, this Court ordered counsel for Plaintiff to file a Confidential Memorandum under seal if she wished, further explaining the basis for the Motion to Withdraw. Counsel for Plaintiff filed a Supplemental Confidential Memorandum in Support of the Motion to Withdraw on November 13, 2024 (**ECF No. 98**) along with a Motion to Seal (**ECF No. 99**) ("Sealed Memorandum"). Counsel for Defendants was unable to view the Sealed Memorandum until November 19, 2024, after this Court entered an Order denying the Motion to Seal and directing the Clerk of the Court to unseal the Sealed Memorandum. Based on the admissions and disclosures

made by counsel for Plaintiff in the Sealed Memorandum, Defendants withdraw their Response to the Motion to Withdraw and Renew their request for sanctions.[1]

**ARGUMENT**

At a motions hearing on November 1, 2024, prior to hearing argument on the Motion for Sanctions, Judge Hilton took up Plaintiff's Motion for Preliminary Injunction. After hearing argument, Judge Hilton denied the motion. Immediately after the Court's ruling from the bench, counsel's employee, who was an integral part of the wrongful dissemination of material sealed by this Court's Local Rules and Orders, yelled obscenities at Judge Hilton, denigrated his ruling, and threatened to continue violating the Court's Order. Needless to say, the employee was ordered from the court room by the United States Marshalls. It was not until November 19, 2024, that Defendants learned for the first time that the person who yelled obscenities at Judge Hilton was not only Plaintiff's brother, Ammar Aljazairi, but was counsel's paralegal, a/k/a Michael Vardian. By way of further admissions and disclosures in the Sealed Memorandum, none of which were disclosed to either this Court or opposing counsel, Defendants learned for the first time that counsel for Plaintiff was hired not only to represent him in this action and a subsequent criminal action in Prince William County, but she was also hired to work with the Aljazairi family on "social media and press" (Sealed Memorandum at ¶ 3).

Despite knowing Mr. Aljazairi/Vardian's proclivity to publish information on the internet, his appetite for attention on social media, and his desire to wage a media campaign in service of

[1] This Court ordered a response to the Motion to Withdraw by November 18, 2024. Defendant's Response was timely filed, but without the benefit of the knowledge of the disclosures and admissions contained in the Sealed Memorandum, which was not available to them by the Court's November 18 deadline.

his brother,[2] she employed him as a paralegal. In other words, Ms. Jarvis knew exactly whom she was hiring. Both of them participated in violations of this Court's Local Rules and Court Orders. When she responded to this Court and to opposing counsel, she described her efforts in attempting to stop the repeated disclosure of sealed material on the internet as counseling "family members." She never disclosed that one family member was an employee who had been given complete and total access to this file as an employee of Jarvis Law Firm. *See* Sealed Memorandum at ¶¶ 5 and 6. Counsel for Plaintiff's lack of candor to both this Court and opposing counsel, is striking and disconcerting.

Counsel for Plaintiff's claim that she "counseled Mr. Aljazairi/Vardian as to the meaning of sealed documents and the need to respect the integrity of the legal system," (*see* Sealed Memorandum at ¶ 7), ring utterly hallow and ironic given that the two of them were responsible for releasing the videos onto the internet in violation of Local Rule 5 (c), and thereafter counsel was unable to restrain her employee from threatening to do the same in violation of the Court's Order sealing the material.[3] Counsel's disbelief is simply not credible. She chose to hire a person whom she knew had an insatiable appetite for the social media spotlight, was aware of his and family members' repeated use of multiple accounts and platforms to disseminate material on social media.

---

[2] Mr. Aljazairi/Vardian made those intentions known during a video published to Plaintiff's counsel's law firm's TikTok page, wherein he stated, in Plaintiff's counsel's presence: "This is the Jail videos. And this I'm keeping it on the internet. . . . There is no one who can tell me to remove the video of my brother. . . ." *See* (ECF No. 61-2).

[3] Despite her claims at attempting to stop the dissemination, at least portions of one of the sealed videos remains online where it has been seen over seventy thousand times on at least one Tik Tok Page. It is a page that appears to run by counsel's employee, Ammar Aljazairi/Michael Vardian. The page also contains a video with counsel for Plaintiff discussing the case. https://www.tiktok.com/@mustafathroughthevents. This video was viewable online on November 20, 2024, at 4:17 p.m.

It is clear that counsel has lost control of a situation clearly of her own making. She should not be allowed to escape the consequences of her actions and misconduct. Rule 5.3(c) of the Virginia Rules of Professional Conduct state that a lawyer shall be responsible for their employee's misconduct if the lawyer ratifies the misconduct or knows or should have known of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. Here, counsel for Plaintiff not only ratified Mr. Aljazairi's misconduct, she was also a ***willing*** participant. They jointly posted the material online in violation of Local Rule 5 (c). Her employee continued to violate the Court's order that the material was to be sealed. She and her employee openly discussed the contents online after entry of the Court's order and she heard him threaten to violate the Order. All of these things were on a video posted to her website, which was only just recently taken down.[4] She failed to take appropriate remedial action. She should have fired him prior to November 1, 2024, such as when he openly threatened to continually violate the Court's order. She should not be surprised now, in the face of the Motion for Sanctions and her attempt to be relieved as counsel of record, that her employee made good on that threat, and continues to be in violation of this Court's Order.

---

[4] *See* Motion for Sanctions at p. 4, fn. 2. Defense counsel is unsure of when that video was taken down, but it was certainly not before November 1, 2024.

**CONCLUSION**

Defendants respectfully request that this Court enter an Order for sanctions, dismissing Plaintiff's case with prejudice and awarding all Defendants' counsel attorney's fees and costs in responding to the violations of Local Civil Rule 5(C) and the Court's Order dated October 18, 2024, and in bringing this motion, and for any other and further relief as this Court deems appropriate. To the extent that this Court is inclined to grant the Motion to Withdraw, Defendants request that she remain counsel of record for the purpose of allowing this Court to address and rule on the Motion for Sanctions and this Renewed Motion for Sanctions.

Respectfully Submitted,

COLONEL PETER A. MELETIS, and
PRINCE WILLIAM-MANASSAS REGIONAL ADULT DETENTION CENTER

By: /s/

William W. Tunner (VSB No. 38358)
Paulo E. Franco (VSB No. 30298)
Rachel W. Adams (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wtunner@t-mlaw.com
pfranco@t-mlaw.com
radams@t-mlaw.com

*Counsel for Defendants Colonel Peter A. Meletis and Prince William-Manassas Regional Adult Detention Center*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elaine Jarvis, Esq.
Jarvis Law PLLC
128 N. Royal Avenue
Front Royal, VA 22630
elaine@jarvislaw.org

*Counsel for Plaintiff*

Rosalie Pemberton Fessier, Esq.
Brittany Elizabeth Shipley, Esq.
TimberlakeSmith
25 North Central Avenue
P.O. Box 108
Staunton, VA 24402-0108
rfessier@timberlakesmith.com
bshipley@timberlakesmith.com

*Counsel for Defendants Prince William-Manassas Regional Jail Board, Hill, Ashworth*

Alexander Francuzenko, Esq.
Thea Alicia Paolini, Esq.
Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, VA 22030
alex@cookcraig.com
tpaolini@cookcraig.com

*Counsel for Defendants Hurlock, Powell, Kepler, Feder, Daniels, Waleisky, Suda, Darling, Gordon, Foster, Willi, Booker, Nordike, Tipton, Canas, and Hargrove*

Martin Conn, Esq.
Taylor Denslow Brewer, Esq.
Rebecca A. Roberts, Esq.
Moran Reeves Conn PC
1211 E. Cary Street
Richmond, VA 23219
mconn@moranreevesconn.com
tbrewer@moranreevesconn.com
rroberts@moranreevesconn.com

*Counsel to Defendant Alvarado-Gomez, Gurbutwal, Liagouris, and Musngi*

By: /s/

Paulo E. Franco (VSB No. 30298)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
pfranco@t-mlaw.com

*Counsel for Defendants Colonel Peter A. Meletis and Prince William-Manassas Regional Adult Detention Center*